# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No. SACV 10-1816 DOC (CWx)                                       Date: February 11, 2011

Title: TALIA HATZIEFSTRATIOU AND JEANE GIANNAKAKOS v. FREMONT INVESTMENT & LOAN, ET. AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

    Kathy Peterson                                       Not Present
    Courtroom Clerk                                        Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:  ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                           NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER TO SHOW CAUSE RE DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION

       On November 29, 2010, this action was filed in this Court. Plaintiff's Complaint, however, fails to establish that federal subject matter jurisdiction exists. "It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S. Ct. 2396, 2403 (1978). Indeed, a federal court is presumed to lack jurisdiction unless the plaintiff proves the contrary. *California ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979). The basic statutory grants of federal court subject matter jurisdiction provide for two types of jurisdiction: (1) federal question jurisdiction; and (2) diversity of citizenship jurisdiction. Plaintiff's complaint establishes neither.

       **A.**    **No Federal Question Jurisdiction**

       Plaintiffs' complaint fails to plead federal question jurisdiction. Federal question jurisdiction extends to those cases in which a complaint establishes either that: (1) federal law creates the cause of action; or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Federal Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 27-28 (1983). The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal question jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint. *Wayne v. DHL Worldwide Express,*

294 F.3d 1179, 1183 (9th Cir. 2002).  Here, Plaintiffs' complaint does not allege or plead any claim raising a federal question.  The face of the complaint states seven causes of action which arise under California law.  Therefore, Plaintiffs' complaint fails to plead that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

**B.     No Diversity Jurisdiction**

Plaintiffs' complaint also fails to plead diversity jurisdiction.  Federal diversity jurisdiction requires that all plaintiffs to an action be "citizens of different States" than all defendants, and that the amount in controversy exceed $75,000.  28 U.S.C. § 1332.  Here, Plaintiffs' complaint fails to plead that the plaintiffs are indeed citizens of different states than all defendants.  Plaintiffs also fail to plead an amount in controversy exceeding $75,000.  Therefore, Plaintiffs' complaint fails to plead that this Court has subject matter jurisdiction over the action due to diversity of citizenship under 28 U.S.C. § 1332.

Accordingly, Plaintiffs are hereby ORDERED TO SHOW CAUSE in writing by March 4, 2011 why this action should not be dismissed for lack of subject matter jurisdiction.

The Clerk shall serve this minute order on all parties to the action